THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Anne Morehouse,

          Plaintiff,

vs.

Canadian National Railway Co. and

Illinois Central Railway Co.,

          Defendants.

Jury Trial Demanded

## COMPLAINT

NOW COMES Plaintiff, Anne Morehouse by and through her attorney, Lisa M. Stauff of the Law Offices of Lisa M. Stauff, complaining of Defendants, as follows:

## NATURE OF THE CASE

1. This is a three-count action arising out of the unlawful employment actions of Defendant in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §206(d), and Title VII of the Civil Rights Act of 1964, as amended, for unlawful discrimination on the basis of gender, and for retaliation for protected activity.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this Complaint raises questions of federal law.

3. Venue is proper because Defendant conducts business in the Northern District of Illinois, and Plaintiff worked at Defendant's location in the Northern District of Illinois.

1

## PROCEDURAL HISTORY

4. Ms. Morehouse filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") to investigate and redress unlawful discriminatory actions by Defendants on the basis of sex, retaliation for protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. Charge of Discrimination, attached as Exhibit 1.

5. On May 8, 2021, Ms. Morehouse, through counsel, received from the EEOC a Notice of Right to Sue. Notice of Right to Sue, attached as Exhibit 2.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

1. Ms. Morehouse began working for defendants on November 27, 2006.

2. Ms. Morehouse is female.

3. Throughout Ms. Morehouse's employment, less qualified male employees received more favorable treatment than female employees, including but not limited to: receiving promotions and compensation that were denied to female employees of defendants, receiving earned bonuses and other compensation if they left defendants employ to work for a competitor, and not receiving discipline for infractions for which female employees were disciplined.

4. Ms. Morehouse's last position with defendants was as the Superintendent of Positive Train Control at defendants' facility in Homewood, Illinois.

5. Defendants terminated Ms. Morehouse's employment on May 9, 2019.

## COUNT I: Discrimination on the Basis of Sex, Title VII

6. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination on the basis of religion.

7. During Ms. Morehouse's employment with defendants, defendant was an "employer" pursuant to 42 U.S.C.S. §2000e(b) of more than 500 employees.

8. For all times relevant to this Complaint, Ms. Morehouse was an "employee" pursuant to 42 U.S.C.S. §2000e(f).

9. At all times relevant to this Complaint, Plaintiff performed her job duties at or above her employer's reasonable expectations.

10. Ms. Morehouse was treated less favorably by defendants than others who were male, who were less qualified and who had less experience and skills than Ms. Morehouse.

11. Employees who were male were not disciplined for mistakes they made in the ordinary course of performing their job duties.

12. Employees who were male received more favorable treatment and enjoyed more favorable terms and conditions of employment than Ms. Morehouse and other female employees of defendants.

13. Defendant terminated Ms. Morehouse's employment , in violation of Title VII of the Civil Rights Act of 1964, as amended.

14. The stated reason for Ms. Morehouse's termination was pretext for discrimination.

15. As a proximate cause of this unlawful termination, Ms. Morehouse suffered damages.

**WHEREFORE,** Plaintiff prays for judgment in her favor, and:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and the defendant to settle this case;

    b. Wages, employment benefits, and other compensation lost to her as a result of defendant's discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended;

    c. Compensatory damages for the harm she suffered as a result of defendant's unlawful actions;

    d. Reinstatement to her position or a comparable position, or in the alternative, pay for such a position for a reasonable time into the future;

e. Punitive damages to punish Defendant and to deter others from engaging in similarly unlawful and discriminatory behavior;

f. Reasonable attorney's fees and the costs and expenses of this action; and

g. Such other relief as this Court deems just and appropriate.

## COUNT II: Retaliation for Protected Activity, Title VII

16. Plaintiff restates and realleges paragraphs 1 through 5.

17. During Ms. Morehouse's employment with defendant, defendant was an "employer" pursuant to 42 U.S.C.S. §2000e(b) of more than 500 employees.

18. For all times relevant to this Complaint, Ms. Morehouse was an "employee" pursuant to 42 U.S.C.S. §2000e(f).

19. At all times relevant to this Complaint, Plaintiff performed her job duties at or above her employer's reasonable expectations.

20. Ms. Morehouse complained of sexual harassment and gender discrimination in the workplace.

21. This complaint constituted protected activity under Title VII of the Civil Rights Act of 1964, as amended.

22. Ms. Morehouse was terminated because of her complaints of sexual harassment and gender discrimination in the workplace. All stated reasons for Ms. Morehouse's termination were pretext for unlawful retaliation.

23. Co-workers who did not complain about sexual harassment and/or gender discrimination in the workplace were not retaliated against and/or terminated.

24. After Ms. Morehouse filed the Charge of Discrimination preceding this case, defendant denied Ms. Morehouse employee benefits which are consistently awarded to employees who do not complain of discrimination and harassment and/or who do not file charges of discrimination against defendants.

25. As a proximate cause of this unlawful termination, Ms. Morehouse suffered damages.

**WHEREFORE,** Plaintiff prays for judgment in her favor, and:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and the defendant to settle this case;

    b. Wages, employment benefits, and other compensation lost to her as a result of defendant's retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended;

    c. Compensatory damages for the harm she suffered as a result of defendant's unlawful actions;

    d. Reinstatement to her position or a comparable position, or in the alternative, pay for such a position for a reasonable time into the future;

    e. Punitive damages to punish Defendant and to deter others from engaging in similarly unlawful and retaliatory behavior;

    f. Reasonable attorney's fees and the costs and expenses of this action; and

    g. Such other relief as this Court deems just and appropriate.

## **COUNT III: EQUAL PAY ACT OF 1963, 29 U.S.C. §206(d)**

26. Plaintiff restates and realleges paragraphs 1 through 5.

27. Throughout Ms. Morehouse's employment with defendants, Ms. Morehouse received lower wages and compensation than her male colleagues despite working positions that required the same skill, effort, and responsibilities as her male colleagues, and were performed under similar working conditions.

28. The disparity between Ms. Morehouse's wages and compensation and that of her male peers was a willful and intentional violation of the law by defendants.

29. As a result of defendants' Equal Pay Act violations, Ms. Morehouse suffered damages.

**Wherefore,** Plaintiff prays for judgment in her favor, and:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

    b. Backpay, front pay, and all other employment benefits and compensation lost to Plaintiff as a result of defendant's unlawful actions, as well as all liquidated damages allowed by law;

    c. Compensatory damages for the harm she suffered as a result of defendant's unlawful actions;

    d. Punitive damages to punish Defendant for its unlawful conduct;

    e. Reasonable attorney's fees, expert witness fees, expenses, and cost of this action; and

    f. Such other relief as this Court deems just and appropriate.

## JURY DEMAND

30. Plaintiff demands a trial by jury for all counts of this Complaint.

Respectfully submitted,<br>
Anne Morehouse,<br>
Plaintiff,

By: _____

Her Attorney

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036