IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE MOREHOUSE, <br><br> Plaintiff, <br><br> v. <br><br> CANADIAN NATIONAL RAILWAY CO. and ILLINOIS CENTRAL RAILROAD CO., <br><br> Defendants. | No. 21-cv-04213 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anne Morehouse, who was previously employed at the Illinois Central Railroad Company, filed an Amended Complaint ("Complaint") alleging claims under 42 U.S.C. § 2000e *et seq.* ("Title VII") of sex discrimination and retaliation against the Illinois Central Railroad Company and Canadian National Railway Company ("Defendants"), along with a claim under 29 U.S.C. § 206(d) ("Equal Pay Act"). Defendants have moved to dismiss the Complaint. Defendants argue that Plaintiff's Title VII (Counts I and II) claims should be dismissed as untimely, and that the Equal Pay Act (Count III) claim should be dismissed because Plaintiff fails to state a claim for relief.

As explained below, although Plaintiff's Title VII claims may turn out to be untimely once the factual record is developed, Defendants' affirmative defense based on lack of a timely suit cannot be resolved at the pleading stage. Conversely, Plaintiff

has not stated a viable claim under the Equal Pay Act. Accordingly, Defendants' motion to dismiss (Dkt. 14) is granted in part and denied in part. Count III is dismissed without prejudice and with leave to replead. Defendants' motion to dismiss is otherwise denied. If and when Plaintiff files an amended complaint, the Court will order expedited and targeted discovery into the lack of timeliness issue.

I.  BACKGROUND

Plaintiff Anne Morehouse is a woman and former employee of Defendants. (Dkt. 12 ¶ 1.)[1] Plaintiff began working for Defendants in 2006. (*Id.*) The last position Plaintiff held with the Illinois Central Railroad Company (which is a subsidiary of Canadian National Railway Company) was Superintendent of Positive Train Control. (*Id.* ¶ 4.) Until Plaintiff's termination in 2019, Plaintiff alleges she "performed her job duties at or above [Defendants'] reasonable expectations." (*Id.*) Despite her satisfactory performance, Plaintiff alleges that "less qualified male employees received more favorable treatment than female employees, including . . . receiving promotions and compensation that were denied to female employees . . . [,] receiving earned bonuses and other compensation if they left Defendants employ to work for a competitor, and not receiving discipline for infractions for which female employees were disciplined." (*Id.* ¶ 3.)

Plaintiff alleges that Defendants treated male employees who were "less qualified" and had "less experience" than Plaintiff more favorably than her. (*Id.* ¶ 10.)

---

[1] The Complaint is confusingly numbered. For clarity, unless otherwise specified, citations to paragraphs from the Complaint begin under the section of the Complaint entitled, "PLAINTIFF'S EMPLOYMENT WITH DEFENDANT." (Dkt. 12 at 2.)

2

Plaintiff alleges that, throughout this time, Defendants would not discipline males for mistakes they made in the "ordinary course of performing their job duties." (*Id.* ¶ 11.) At the same time, Plaintiff alleges that females were disciplined for such infractions. (*Id.* ¶ 3.) Plaintiff also alleges that males enjoyed "more favorable terms and conditions" than females. (*Id.* ¶ 12.)

Plaintiff further alleges that she engaged in a protected activity by complaining of sexual harassment and gender discrimination in the workplace. (*Id.* ¶ 22.) Plaintiff alleges that co-workers who "did not complain about sexual harassment and/or gender discrimination" were not retaliated against. (*Id.* ¶ 23.) For example, Plaintiff alleges that after she filed the charge of discrimination preceding this case, Defendants denied Plaintiff "employee benefits [that] are consistently awarded to employees who do not complain" of harassment or file charges of discrimination. (*Id.* ¶ 23.) Plaintiff contends that the reason she was terminated was because of these complaints. (*Id.* ¶ 25.)

Plaintiff also had issues with compensation. (*Id.* ¶¶ 26–29.) Plaintiff contends that, despite meeting all reasonable expectations with performance, she "received lower wages and compensation than her male colleagues despite working positions that required the same skill, effort, and responsibilities as her male colleagues." (*Id.* ¶ 27.) Plaintiff also alleges that these jobs "were performed under similar working conditions." (*Id.*) Plaintiff contends the disparity between her wages and the compensation of her male peers was a "willful and intentional" violation of the Equal Pay Act. (*Id.* ¶ 28.)

Plaintiff was terminated on May 9, 2019. (*Id.* ¶ 5.) On June 8, 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been discriminated against based on her sex, and in retaliation for engaging in a protected activity. (Dkt. 12-1.) Plaintiff was mailed a copy of the right to sue letter, which is postmarked March 22, 2021. (Dkt. 12-2.)[2] Despite the postmark, Plaintiff pleads that she received the letter through counsel on May 8, 2021. (Dkt. 12 at 2.)[3] On August 6, 2021, Plaintiff filed a three-count Complaint in this Court. (Dkt. 1.) Plaintiff later filed an amended three-count Complaint on January 6, 2022. (Dkt. 12.) Count I of the Complaint alleges that Defendants violated Title VII through discrimination based on sex. (Dkt. 12 ¶¶ 6–15.) Count II alleges that Defendants violated Title VII through retaliation for engaging in a protected activity, notably, complaining of sexual harassment and gender discrimination in the workplace. (*Id.* ¶¶ 16–25.) Finally, Count III alleges that the Defendants violated the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d). (*Id.* ¶¶ 26–29.)

Defendants move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 14.) Defendants argue that Plaintiff's Title VII claims are untimely and warrant dismissal. (*Id.* at 1.) Defendants also argue that Plaintiff's

---

[2] The envelope also appears to contain a handwritten date marked "5/8/2021" followed by a signature or initial. (Dkt. 12-2 at 2.)

[3] Defendants contest this date. Through an affidavit and accompanying materials (Dkt. 16), Defendants contend that Plaintiff received a right to sue letter from the EEOC by email on March 23, 2021. (Dkt. 16-1 at 2.) Plaintiff's counsel responds with an affidavit of her own which states that counsel received the letter on May 8, 2021, dated and initialed the envelope, and did not receive prior communication from the EOOC regarding the notice. (Dkt. 21-1.) For the reasons described below, none of these materials can be considered at the motion to dismiss stage. Accordingly, the Court does not consider these documents in determining the sufficiency of Plaintiff's complaint.

4

Equal Pay Act claim fails to state a viable cause of action and should be dismissed. (*Id.*)

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

Accordingly, a complaint states a claim " 'whether or not some defense is potentially available.' " *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2003)). A plaintiff need not, and should not, attempt to plead around affirmative defenses. *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980) (holding that defendant bears the burden of pleading defenses); *Davis v. Ind. State Police*, 541 F.3d

760, 763–64 (7th Cir. 2008) ("[T]he Justices did not revise the allocation of burdens concerning affirmative defenses; neither *Erickson* nor *Bell Atlantic* mentions affirmative defenses. . . ."). Dismissal under Rule 12(b)(6) based on a statute of limitations is "irregular" in the Seventh Circuit because it is an affirmative defense for which the defendant bears the burden of proof. *N. Trust Co.*, 372 F.3d at 888. Unless a litigant pleads itself out of court by alleging (and thus admitting) the ingredients of a defense, dismissal under Rule 12(b)(6) is improper. *See U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

### III. DISCUSSION

#### A. Title VII Claims.

Defendants move to dismiss Plaintiff's Title VII claims (Counts I and II) as time-barred. (Dkt. 15 at 5–12.) A plaintiff must file suit within 90 days of receiving a dismissal and notice of rights letter from the EEOC. *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999); 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). This rule applies unless the plaintiff is not at fault for a delay in receiving the Notice of Right to Sue. *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–17 (7th Cir. 1984). Absent such circumstances, the 90-day limit is strict, and complaints filed immediately after the 90-day limit will be dismissed. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984). When a plaintiff is represented by counsel, the 90-day period begins when *either* plaintiff or counsel receives the notice. *Id.* at 1312 ("We hold that the 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either

by the claimant or by the attorney representing him."). This time limit "is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000).

Relying on EEOC records, Defendants argue that "Plaintiff received the Notice of Rights no later than March 23, 2021 by email," so Plaintiff had until June 21, 2021, to file any complaint. (Dkt. 15 at 6.) In response, relying on a date written—presumably by Plaintiff's counsel—on the physical mailed copy of the notice, Plaintiff argues that the "Notice of Right to Sue from the [EEOC was received] on May 8, 2021," giving Plaintiff until August 6, 2021, to file any complaint. (Dkt. 21 at 2.) Plaintiff contends that, because the written date on the mailed copy, May 8, 2021, is the date of receipt, and the suit was filed on August 6, 2021, the suit is timely. (*Id.*) Defendants disagree and argue that based on the postmarked date of the mailed notice of March 22, 2021 (Dkt. 12-2 at 2), the Court should apply a presumption that letters are received five days from the mailing date, and that under "the facts in the light most favorable to Plaintiff, she must have received notice no later than 5 days later, or March 27, 2021 [and] therefore needed to file by June 25, 2021 to be timely." (Dkt. 15 at 9–10.)

Although Defendants may ultimately have the better position regarding the timeliness issue once the factual record is developed, it is the pleading that counts for purposes of a motion to dismiss. Defendants' attachment of materials (Dkt. 16) as part of its motion to dismiss is inconsistent with this standard; the attached materials may not be considered at this stage without converting the motion to a motion for

7

summary judgment. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (when a defendant attaches documents to a motion to dismiss, court must "either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the documents attached to the motion to dismiss and continue under Rule 12."). Choosing the latter option, the excludes the documents submitted by Defendants.

Defendants ask the Court to consider the exhibits in Dkt. 16 under a limited exception to this general rule. (Dkt. 15 at 3.) *See Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (documents attached to a motion to dismiss "are considered part of the pleadings" and may be considered by the district court if the documents "are referred to in the plaintiff's complaint and are central to [her] claim."). Although Plaintiff referred to the notice of right to sue in her amended Complaint (Dkt. 12 at 2) and attached a mailed copy as Exhibit 2 (Dkt. 12-2), Defendants go further than merely attaching a missing or central document. Instead, Defendants attach twenty-one pages of exhibits, including an "Activity Log" purportedly showing delivery and download of the notice. (Dkt. 16-1 at 2.) This activity log is not referred to in the Complaint and is not central to Plaintiff's claim. It may be central to Defendants' case, and it might be dispositive on summary judgment, but the Court cannot consider these materials on a Rule 12 motion without converting the motion to one seeking summary judgment.[4]

---

[4] As such, the Court does not consider at this stage Defendants' argument (Dkt. 15 at 5–8) that the EEOC notice of rights was sent via email through the EOOC portal.

Because the Court may only consider the pleadings, Defendants' motion to dismiss the Title VII claims is denied. As with any statute of limitations-like defense, Defendants' lack of timeliness argument is "an affirmative defense [that is] only proper for review on a Rule 12(b)(6) motion in limited circumstances." *Cambridge Mut. Fire Ins. Co. v. Gaca*, No. 20 C 2447, 2021 WL 12303544, at *1 (N.D. Ill. July 23, 2021). Only if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" by "unambiguously" stating the "relevant dates" can Defendants prevail at this stage. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (cleaned up). Defendants cannot prevail if the complaint "does not include the necessary information to determine the merits of a statute of limitations defense." *Cambridge Mut.*, 2021 WL 12303544, at *1. If there is "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Plaintiff pleads that she received the EEOC notice of right to sue, through counsel, on May 8, 2021. (Dkt. 12 at 2.) It may be the case that the mailed notice was received shortly after the postmark date. But it is at least "conceivable" that a postal delay occurred. That factual question is not one to resolve at the pleading stage. Defendants' motion to dismiss Plaintiff's Title VII claims on this basis must therefore be denied.

9

### B. Equal Pay Act Claim.

Plaintiff alleges that she was paid less than comparable male employees in violation of the Equal Protection Act. (Dkt 12 ¶¶ 26–29.) Defendants argue that Plaintiff's Equal Pay Act claim should be dismissed for failure to plead facts establishing a plausible claim for relief. (Dkt. 15 at 12–14.)

The Equal Pay Act "forbids employers from paying different rates to men and women for the same work at the same establishment." *Jaburek v. Foxx*, 813 F.3d 626, 632 (7th Cir. 2016) (cleaned up). A plaintiff asserting an Equal Pay Act violation ultimately must show "that the employees do equal work [that] requires equal skill, effort, and responsibility" and "have similar working conditions," meaning that "that the jobs compared are substantially equal, based upon actual job performance and content—not job titles, classifications or descriptions." *Markel v. Bd. of Regents of Univ. of Wisconsin Sys.*, 276 F.3d 906, 912–13 (7th Cir. 2002) (cleaned up). A plaintiff's complaint must contain more than "legal conclusions or conclusory allegations," and the allegations must "plausibly suggest an entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

A plaintiff need not, however, allege facts establishing every element at the pleading stage, and may "allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Any complaint need only provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests," and "show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief." *Id.* (cleaned up).

10

Plaintiff fails to meet even this low threshold. Plaintiff's sole allegation is that she "received lower wages and compensation than her male colleagues despite working positions that required the same skill, effort, and responsibilities as her male colleagues, and were performed under similar working conditions." (Dkt. 12 ¶ 27.) Bald allegations that male employees were paid more than female employees will not survive a motion to dismiss. *See Twombly,* 550 U.S. at 555 ("[P]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff fails to sufficiently allege her job responsibilities, or those of her male comparators. And Plaintiff fails to allege that she, as a female, received a lower salary than a male comparator in the same establishment.

A plaintiff needs to provide "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). This Court then must look at the factual allegations in Plaintiff's Complaint and ask whether, based on its experience or common sense, there is enough to present a story of discrimination that is "plausible, rather than merely speculative." *Tamayo*, 526 F.3d at 1083. In other words, is there more than a "sheer possibility" of discrimination. *Iqbal,* 556 U.S. at 678. The allegations in the Complaint are that: (1) Defendants employed men in the same or similar positions as those held by Plaintiff; (2) Plaintiff had the same main job responsibilities throughout her employment; and (3) Plaintiff received lower wages than said male colleagues. (Dkt. 12 ¶ 27.) This is insufficient.

11

Plaintiff has failed to plead facts sufficient to identify a plausible male comparator because Plaintiff's Complaint includes only conclusory allegations that males were paid more than she was for engaging in equal work. (*Id.* ¶¶ 26–29.) In determining what "equal work" constitutes, the Court asks whether the jobs "have a common core of tasks, i.e., whether a significant portion of the two jobs is identical. Once a plaintiff establishes a common core of tasks, [a court must ask] whether any additional tasks make the jobs substantially different." *David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 230 (7th Cir. 2017) (cleaned up). To make this determination, the court "look[s] to the actual job duties performed by each employee, not to his or her description or title." *Id.* (cleaned up). To be sure, the Equal Pay Act does not require a plaintiff to show that individuals shared the exact same experiences and skills. Rather, liability turns on whether the two roles required equal work in terms of skill, effort, and responsibility. *Stopka*, 141 F.3d at 685.

Plaintiff's conclusory allegations of unidentified comparators with no factual details as to their working conditions or the skill, effort, and responsibilities of the employees are not sufficient to permit a reasonable inference that Defendants are liable for an Equal Pay Act violation. Alleging that one worked "positions that required the same skill, effort, and responsibilities as her male colleagues" is not adequate to state a claim. For instance, based on the Complaint, it is unknown what tasks Plaintiff (or her comparators) were responsible for doing. In addition, the Complaint does not state the complexity of any positions. Some positions, although having the same title and similar job responsibilities (when viewed at a high-level),

12

may actually require different work. *Sims-Fingers v. City of Indianapolis*, 493 F.3d 768, 771–72 (7th Cir. 2007) ("The proper domain of the Equal Pay Act consists of standardized jobs in which a man is paid significantly more than a woman (or anything more, if the jobs are truly identical) and there are no skill differences.").

To be sure, "substantially equal work" under the Equal Pay Act does not equal identical work. *Epstein v. Secretary, U.S. Dep't of the Treasury*, 739 F.2d 274, 277 (7th Cir. 1984). Differences in skill, effort, or responsibility do not justify a finding that two jobs are unequal "where the greater skill, effort, or responsibility is required of the lower paid sex." *Lauderdale v. Illinois Dep't of Hum. Servs.*, 876 F.3d 904, 907–08 (7th Cir. 2017). Job titles, moreover, are not relevant to the analysis. *Epstein,* 739 F.2d at 277. Assessing "equal work" instead requires evaluating whether the jobs in question share a "common core of tasks" or whether "a significant portion of the two jobs is identical." *Stopka v. All. of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998). In assessing equal work, "responsibility is concerned with the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation," and "effort is concerned with the measurement of the physical or mental exertion needed for the performance of a job." 29 C.F.R. §§ 1620.17(a), 1620.16(a).

Under the foregoing standard, Plaintiff may very well be able to plead a viable Equal Pay Act claim. But at present, the Complaint fails plausibly to allege that Plaintiff performed equal work to any male comparators. Accordingly, the Equal Pay Act claim is dismissed. This dismissal will be without prejudice to afford Plaintiff the opportunity, in her discretion, to replead any Equal Pay Act claim she may advance.

13

## IV. CONCLUSION

Defendants' motion (Dkt. 14) to dismiss Plaintiff's Title VII claims (Counts I and II) is denied. Defendants' motion (Dkt. 14) to dismiss Plaintiff's Equal Pay Act claim (Count III) is granted without prejudice and with leave to replead.

SO ORDERED in No. 21-cv-04213.

Date: March 28, 2025

_____
JOHN F. KNESS
United States District Judge